**Eleanor R. FABIANO, Appellant**

v.

**Thomas J. MCINTYRE, Chief of Freedom of Information and Privacy Act Unit; Richard L. Huff, Co Director of Office of Information and Privacy; Federal Bureau of Investigation; *United States Department of Justice *As Amended by Clerk's Order dated 7/16/04.**

No. 04–2734.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) July 1, 2005.

Decided July 13, 2005.

Eleanor R. Fabiano, Cape May Court House, NJ, pro se.

Louis J. Bizzarri, Office of United States Attorney, Camden, NJ, for Thomas J. McIntyre, Richard L. Huff, Federal Bureau of Investigation, United States Department of Justice.

Before SLOVITER, BARRY and FISHER, Circuit Judges.

## OPINION

### PER CURIAM

Eleanor R. Fabiano appeals from the order of the United States District Court for the District of New Jersey granting summary judgment in favor of the United States Department of Justice and the Federal Bureau of Investigation (FBI) in this Freedom of Information Act (FOIA) action. We will affirm.

Fabiano, relying on the FOIA, sought information relating to the prosecution and conviction of her son, John Fabiano, for child pornography. Specifically, she requested the computer code names used in the FBI's "Innocent Images" investigation, the real names of the two individuals using the code names "BearapinSt" and "Herman4321," and the identity of a person using the code name "Mendy13," "Mindy13," or "Mandy13." Although the defendants released several documents, they asserted that some material was exempt from disclosure under Exemption (b)(7)(C), 5 U.S.C. § 552(b)(7)(C). The District Court agreed and granted the defendants' motion for summary judgment.

We agree with the District Court that the defendants are permitted to withhold information relating to the names of certain individuals. As explained by the District Court, the release of such information could reasonably be expected to constitute an unreasonable invasion of privacy that is not outweighed by the public interest in disclosure. *See Manna v. U.S. Dept. of Justice,* 51 F.3d 1158, 1166 (3d Cir.1995). On appeal, Fabiano challenges the failure to release the code names used by the FBI in its investigation of her son. However, the FBI informed Fabiano that it could not locate a list of code names in its "Innocent Images" files. The FBI cannot release information that it does not have. Moreover, even if the defendants could identify the individuals associated with the code names, their identities could legitimately be withheld under Exemption (b)(7)(C).

For the foregoing reasons, we will affirm the judgment of the District Court. Appellees' motion for summary affirmance is denied as moot.